IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS,

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      Case No. 22-10092-JWB

TYLER L. RALLS,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for extension of time to file a motion under 28 U.S.C. § 2255. (Doc. 39.) Defendant was sentenced on February 20, 2024, after entering a guilty plea to one count of distribution of a controlled substance which resulted in death in violation of 21 U.S.C. § 841(a)(1). (Doc. 37.) Under § 2255(f), Defendant had one year to file his federal habeas petition after his conviction became final. Because he did not file a direct appeal, the one year statute of limitations period began to run 14 days after the entry of judgment. Therefore, his one year statute of limitations period expired on March 5, 2025. Defendant moved for an extension of this deadline on June 2, 2025.

In his motion, Defendant states that he seeks an extension of time to file his § 2255 motion because he was on lockdown for five to six months and had limited access to the law library. (Doc. 39.) This court lacks authority to extend the statutory deadline in 28 U.S.C. § 2255. *See Washington v. United States*, 221 F.3d 1354, 2000 WL 985885 at *1–2 (10th Cir. July 18, 2000). "Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process." *Id.* at *1. The deadline to file a §

2255 motion, however, is subject to equitable tolling, but the question of tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the court sua sponte. *United States v. Daniels*, 191 F. App'x. 622, 622 (10th Cir. 2006) (quoting *United States v. Verners*, 15 F. App'x. 657, 660 (10th Cir. 2001)). Although Defendant states that he plans to file a motion for ineffective assistance of counsel pursuant to §2255, Defendant's motion for an extension of time cannot be construed as a motion under § 2255. Because defendant has not yet filed a § 2255 motion, his motion for an extension of time is not ripe for adjudication. *Id.*; *United States v. Woods*, No. 11-40046-01-JWL, 2015 WL 11202630, at *2 (D. Kan. Dec. 18, 2015).

Defendant's motion for an extension of time (Doc. 39) is DENIED FOR LACK OF JURISDICTION.

IT IS SO ORDERED. Dated this 9th day of June 2025.

                                               __s/ John W. Broomes_____
                                               JOHN W. BROOMES
                                               UNITED STATES DISTRICT JUDGE