IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS,

UNITED STATES OF AMERICA,

        Plaintiff,

v.           Case No. 22-10092-JWB

TYLER L. RALLS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to vacate sentence under 28 U.S.C. § 2255. (Doc. 41.) Defendant was sentenced on February 20, 2024, after entering a guilty plea to one count of distribution of a controlled substance which resulted in death in violation of 21 U.S.C. § 841(a)(1). (Doc. 37.) Under § 2255(f), Defendant had one year to file his federal habeas petition after his conviction became final. Because he did not file a direct appeal, the one year statute of limitations period began to run 14 days after the entry of judgment. Therefore, his one year statute of limitations period expired on March 5, 2025. Defendant filed his § 2255 petition on June 18, 2025.

The government moved the court to order Defendant to show cause why the petition should not be dismissed as untimely. (Doc. 43.) The court granted the motion and entered an order to show cause on or before July 25, 2025. (Doc. 44.) Defendant has failed to respond to the show cause order.

Although Defendant's petition is untimely, the court may toll the limitations period for equitable reasons "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). First, however, Defendant must show both that he has been diligently pursuing his claims and "the failure to timely file was caused by extraordinary circumstances beyond his

1

control." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). To show that he acted diligently in pursuing his rights, the movant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). The movant bears the burden to show that equitable tolling is appropriate. *See Miller*, 141 F.3d at 977; *United States v. Garcia-Rodriguez*, 275 F. App'x 782, 784 (10th Cir. 2008).

Defendant's motion makes a vague assertion that his petition is untimely because he was in lockdown for "more than half of [his] time" at the penitentiary and did not have the access to the library that he "needed." (Doc. 41 at 12.) He also states that he has been waiting to hear back from attorneys. Such conclusory allegations are not sufficient to justify tolling. Defendant has failed to make specific allegations regarding the steps he took to diligently pursue his federal claims. The court notified Defendant in the show cause order that his petition was insufficient. Defendant, however, failed to respond.

Based on a review of the petition, the court finds that Defendant has not put forth facts which would support a finding that he pursued his rights diligently and that an extraordinary circumstance stood in his way of filing a timely petition. Therefore, the limitations period cannot be tolled and his petition is untimely.

Defendant's § 2255 is DISMISSED FOR LACK OF JURISDICTION.

An appeal from a final order on a § 2255 motion may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED. Dated this 31st day of July 2025.

3

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE